(Surrogate's Court, Cattaraugus County. September, 1910.)

EXECUTORS AND ADMINISTRATORS (§ 221*)—ALLOWANCE OF CLAIMS—SERVICES BY PERSON IN FAMILY RELATION—PRESUMPTION AS TO COMPENSATION.

Decedent, though possessed of sufficient means to care for herself, was supported by her daughters, one of whom was a practicing physician, having a separate residence of her own. Decedent was injured, and her daughter, the physician, went to decedent's residence, rendered surgical assistance, and afterwards took decedent home with her, where decedent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

remained for several months, receiving required medical attention from the daughter. Subsequently decedent went to such daughter's residence to visit, and was there taken with her last illness, during which the daughter for five weeks, with the help of a nurse, gave her constant care. *Held*, that no presumption arose that the daughter's services were intended to be rendered gratuitously, in the absence of an express agreement relating thereto, and she could recover therefor from decedent's estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 901–903½, 1858–1876; Dec. Dig. § 221.*]

In the matter of the estate of Marena Parker. Proceedings for the judicial settlement of the administrator's account. Allowance of a certain contested claim decreed.

Jared D. Phillips, administrator, in pro. per.

Charles E. Congdon, for Salina P. Colgrove, creditor and next of kin.

Dana L. Jewell, for Crieghton S. Andrews, receiver of the property of Esther B. Sheridan.

DAVIE, S. No controversy exists regarding the account filed by the administrator for judicial settlement. A claim, however, against the estate, amounting, as filed, to the sum of $921, was presented by Mrs. Colgrove, a daughter of decedent. Certain items of such claim were allowed and paid by the administrator. The legality of various other items was doubted. Consequently a stipulation was filed, pursuant to the statute, providing for the determination of such items on judicial settlement. The validity of such items is contested by Mr. Andrews, who, through the instrumentality of a receivership, has succeeded to the interest of Mrs. Sheridan, a daughter of decedent, in the estate.

Among the controverted items is one of $56 for clothing furnished by the claimant to decedent. While the evidence quite clearly shows that various articles of wearing apparel were provided by the claimant for the decedent, yet the amount and value thereof are left entirely problematical and altogether too vague to support a finding of liability against the estate. Moreover, the evidence tends to show that such articles were furnished as gifts, rather than under any express or implied agreement on decedent's part to pay for the same. That portion of the claim, therefore, cannot be allowed.

Decedent was a widow, her husband having died in 1907, leaving no estate. The only property owned by the decedent at the time of her decease consisted of a house and lot in the village of Allegany, which has been sold by the administrator in proceedings for the disposition of real estate for payment of debts. The portion of the proceeds of such sale remaining for distribution, subject to commissions and expenses of this accounting, is the sum of $524. It appears, inferentially at least, that several years prior to the father's death the two daughters undertook to provide in equal shares such funds as might be required for the support and maintenance of their parents; they having no income whatever. Under such agreement, claimant furnished $10.45 more than did her sister. After the father's death, the claim-

ant furnished for the mother's support the sum of $93, the sister not then contributing. The decedent kept in her own handwriting a memorandum book in which she gave each of the daughters credit for the various amounts advanced by them, respectively.

During the entire period covered by the claim, the claimant resided in the village of Salamanca, was a physician and somewhat actively engaged in the practice of her profession. In the fall of 1907 the decedent met with an accident, resulting in the fracture of one of her arms. Claimant was immediately notified and went to the decedent's residence, assisted to some extent in the operation for reducing the fracture, remained several days caring for the decedent, and then removed her to claimant's home in Salamanca, where she remained until the following February. During that period claimant gave decedent's injury such medical attention as was required, dressing and bathing the broken arm as frequently as necessary. In the month of October of the same year decedent went to the home of the claimant for the purpose of making a visit, and while there was taken seriously ill, from which sickness she did not recover. She died at the residence of the claimant March 11, 1909. For a period of five weeks before her death decedent was in such a condition as to require constant care, attention, and nursing. Claimant, assisted by a nurse, cared for the decedent, practically giving up, for the time being, her practice, and devoting substantially her entire time to the decedent. The fact of the rendition of the services, their arduous character, and necessity, as well as their fair and reasonable value, are not the subject of serious controversy; but it is contended, on behalf of the contestant, that, in consequence of the relationship existing between the decedent and the claimant, the presumption prevails that such services were rendered gratuitously, and for that reason claimant is not entitled to recover.

The principle which precludes a recovery for services rendered and benefits conferred between members of the same family has no application to the facts in this case. Decedent possessed sufficient means to care for herself and to pay any reasonable expense incurred for that purpose. Claimant did not reside with the decedent, but, as already stated, was engaged in the practice of her profession in another locality. When decedent became incapacitated, first from the injury and later by her final illness, claimant removed her to her own home in Salamanca, treated and cared for her professionally, rendering services for her, not only laborious in their character, but of the greatest importance and value to the decedent, foregoing to a large extent her professional employment, giving her time and skill to the care of her mother in the capacity of nurse and physician. No such condition of reciprocity or mutuality of benefits existed in this case as is contemplated by rule invoked in opposition to a recovery for the value of these services. The presumption of gratuitous services is not based so much upon the mere incident of kinship as upon the fact of reciprocal benefits and advantages springing from the actual and practical relation between the parties. While this case is destitute of proof of any express agreement for compensation between the parties, the circumstances are entirely sufficient to bring the case directly within the operation of the well-recognized presumption that the rendition of

meritorious services by one for the benefit of another is sufficient from which to imply an agreement on the part of the beneficiary to make fair and reasonable compensation. It will be observed that the rule promulgated in Williams v. Hutchinson, 3 N. Y. 312, 53 Am. Dec. 301, has been materially modified by the determination in Moore v. Moore, 3 Abb. Dec. 303. The rule, as defined in the case last cited, and which seems now to be generally followed, is:

"Ordinarily from the fact of the rendition and acceptance of services, beneficial in their nature, the law will imply a promise to pay what the services are reasonably worth. This presumption may not be repelled wholly by the fact that the service is rendered to a parent by a son of full age, but the legal presumption of an obligation to pay is less strong when the relation of parent and child exists than in the case of dealings between persons not bound to each other. If to the relationship be added other circumstances tending to show as a matter of fact that the services were gratuitously rendered without any expectation at the time on either side that payment was to be made, the law will not imply a contract for compensation."

The distinction between the two cases cited is marked and important. Under the rule established by the former case, proof of the fact of the family relationship gave rise to the presumption of gratuitous services, and such presumption constituted a defense to a claim for services rendered between persons so circumstanced; and the burden of overcoming such presumption was placed upon the claimant. Accordingly, under the authority of that case, one seeking to recover for services so rendered assumed the burden of proof of establishing, not only the fact of the rendition of the services and the value of the same, but, in addition thereto, that they were performed under an express agreement for compensation, or under such circumstances as were sufficient to show that it was the understanding on the part of both parties that compensation was to be made.

Under the rule established by Moore v. Moore the proof of such family relationship does not of itself constitute a complete defense; but other facts and circumstances must be established by the contestant, showing that it was the design and intention of the parties, at the time of the rendition of the services, that the same were rendered gratuitously. Under the former case the burden rested upon the claimant of overcoming the presumption arising from family relationship. Under the later decision, the burden of proof is cast upon the contestant of establishing other facts and circumstances, in addition to that of the family relation, sufficient to overcome the general presumption that, from the fact of the rendition of meritorious service by one and their acceptance by another, an agreement for compensation will be implied.

The facts in this case, under the rule in Moore v. Moore, do not constitute a defense to the claim of the claimant. These facts are similar in many important particulars to those in Matter of Delaney, 2 Gibbons Sur. Rep. 470, decided by this court and where a recovery was permitted.

All of the claimant's demand not heretofore paid by the administrator, aside from the one item of $56 for clothing, is allowed and to be

paid by the administrator from the funds of the estate remaining in his hands for distribution.

A decree will be entered in accordance with the foregoing findings of fact and conclusions of law.